UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:          -CIV-

CYNTHIA KAY HOOD,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
d/b/a ROYAL CARIBBEAN INTERNATIONAL,
a foreign corporation,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

    Comes now the Plaintiff, CYNTHIA KAY HOOD, by and through undersigned counsel, and pursuant to Fed.R.Civ.Pro. 8 (a), and files this Complaint against the Defendant, ROYAL CARIBBEAN CRUISES LTD, d/b/a ROYAL CARIBBEAN INTERNATIONAL, hereinafter "RCCL" and alleges as follows:

    1.    Plaintiff, CYNTHIA KAY HOOD, is an individual, who is a resident of the State of Texas and is therefore domiciled in the State of Texas for purposes of Diversity Jurisdiction.

    2.    All conditions precedent to filing suit have occurred or have been waived by the Defendant, RCCL.

    3.    Defendant is a foreign corporation operating in Miami-Dade County, Florida. Defendant has at all times material hereto, its principal place of business in Miami-Dade County, Florida, located at 1050 Caribbean Way, Miami, Florida, 33132 and is therefore a foreign corporation for the purposes of Diversity Jurisdiction.

    4.    The Defendant, RCCL, entered into a written passenger contract "ticket" with the

Plaintiff, a contract for carriage, aboard the vessel, "NAVIGATOR OF THE SEAS." Plaintiff has attached a true and accurate copy of said ticket as Exhibit "A."

5. For the consideration paid, Plaintiff at all times material to this action was a passenger on the vessel, "NAVIGATOR OF THE SEAS" for a cruise scheduled on or about August 02, 2015 and returning on August 09, 2015.

6. It was the duty of the Defendant, RCCL, to provide Plaintiff with a safe passage.

7. Defendant had exclusive custody and control of the vessel, tackle and gear.

### STATEMENT OF JURISDICTION, VENUE & FORUM SELECTION

8. Venue is proper in this District Court because Defendant has chosen this district by means of a forum selection clause contained in the passenger ticket contract provided by Defendant to Plaintiff. Venue is also appropriate in this district because Defendant resides here. Attached hereto is a true and accurate copy of Plaintiff's cruising ticket and attached contract as Composite Exhibit "A."

9. This Court has subject matter jurisdiction based on Diversity of Citizenship as provided by Title 28 U.S.C. §1332. The parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. To the extent this Court interprets or determines that any part of the claim or claims asserted herein by Plaintiff arises under the law of any state, this Court has supplemental jurisdiction because all the claims asserted herein are part of the same case or controversy under Article III of the United States Constitution.

### COUNT I: NEGLIGENCE OF ROYAL CARIBBEAN

11. On or about August 7, 2015, Plaintiff was a paying passenger on board the Defendant owned, operated and maintained passenger cruise ship, the M/S NAVIGATOR OF

THE SEAS.

12. That upon boarding the subject vessel Plaintiff was in good health and did not suffer from any known ailments.

13. That Plaintiff and her husband attended a game show event, arranged and staged by Defendant, which required audience participation. The event was held in the ice skating rink theater, with temporary wood flooring covering the ice, which was prone to moving.

14. Plaintiff participated in the game show event and tripped and fell. The fall caused Plaintiff to become seriously injured and break her leg.

**15. That Plaintiff suffered a significant break to her left leg, with the bone visibly penetrating the skin on her leg.**

16. Nursing and doctoral staff in the ship's infirmary refused to acknowledge the compound or open fracture of the bone, and did not acknowledge either Plaintiff or her husband's insistence that the injury was a compound or open fracture.

17. That Plaintiff saw the ship's doctor who failed to properly treat and/or advise the proper authorities to take the necessary action to remove CYNTHIA KAY HOOD from the subject vessel.

18. That Plaintiff remained in the ship's infirmary and was not properly removed from the vessel for proper medical care immediately following the subject injury, despite the severity of the break, and the ship's doctor's acknowledgement of that severity.

19. That Plaintiff was never visited by the ship's captain to assess the severity of the situation, or to determine if airlift was necessary to deal with the medical emergency.

20. That Plaintiff suffered from excruciating pain for approximately thirty two (32) hours until the subject vessel reached Galveston, TX, as the ship's medical staff and crew did

nothing to assist Plaintiff or remove Plaintiff from the ship in order to receive the proper emergency medical attention that she required.

21. That upon arrival in Galveston, TX, Plaintiff was finally allowed to exit the subject vessel and she and her family were forced to get an ambulance at Plaintiff's expense and fend for themselves in order to reach an emergency room, ultimately taking an ambulance to a hospital in Galveston, TX.

22. That as a result of Defendant's failure to properly treat Plaintiff and/or provide means for Plaintiff to be removed from the vessel and/or airlifted to a shoreside hospital, Plaintiff now suffers continuing pain from the compound fracture and resulting surgeries that could have been prevented if proper medical care had been received on the boat, and airlift had been provided.

23. That Defendant: (1) had actual notice of Plaintiff's condition on board the vessel and failed and refused to take proper action; and/or (2) Defendant should have known about Plaintiff's condition and failed/refused to take proper to avoid Plaintiff 's requiring multiple emergency surgeries and enduring continuing pain.

24. That the failures, and/or acts and/or omissions by Defendant in its failure to provide Plaintiff with reasonable means to seek the proper emergency medical care and/or be removed from the subject vessel, proximately and directly caused Plaintiff's injuries and damages.

25. That Defendant arranged for and conducted the game show event on temporary and mobile flooring, covering the ice.

26. That Defendant had a duty to ensure the wood flooring at the game show event would be safe and sufficient for its purpose.

4

27. That Defendant had exclusive care/custody/control of the ice arena.

28. That Defendant knew or should have known that the wood covering was a dangerous condition caused by the Defendant.

29. That Defendant had notice and the opportunity to cure the dangerous condition at the ice skating rink on board its vessel, but did not.

30. During the above-mentioned cruise, the Plaintiff, CYNTHIA KAY HOOD, was injured by the dangerous condition on board Defendant's vessel.

31. No visible warnings were placed by the Defendant, RCCL.

32. That as a direct and proximate result of Defendant's actions and/or omissions in this matter, Plaintiff suffered a compound leg fracture and ensuing surgeries. The Plaintiff's continuing pain and sever injuries were directly caused by Defendant's active and/or passive acts of negligence as set forth above and as a result, Plaintiff seeks to recover all elements of her damages as authorized by law for her injuries, including, but not limited to:

    a. past and future pain and suffering,

    b. past and future mental anguish,

    c. past and future loss of the capacity for the enjoyment of life,

    d. past and future inconvenience,

    e. past and future economic damages, including lost wages, lost future wage earning capacity,

    f. past and future medical expenses and attendant care.

WHEREFORE, Plaintiff, CYNTHIA KAY HOOD, respectfully requests that this Court enter Judgment in favor of Plaintiff, CYNTHIA KAY HOOD, and against Defendant RCCL, and for any further relief that this Court deems just and proper.

## COUNT II: FALSE IMPRISONMENT

Plaintiff, CYNTHIA KAY HOOD, realleges, incorporates by reference, and adopts paragraphs 1 through 32 as though they were originally alleged herein.

33. That Plaintiff was forced to remain in the infirmary of the subject vessel for approximately thirty (30) hours, despite the severity of the break in her leg.

34. That Defendant unlawfully restrained Plaintiff against her will, depriving Plaintiff of her liberty and said retention of Plaintiff aboard the subject vessel was unwarranted and unreasonable under the facts of the instant matter.

35. That Plaintiff had a right to be airlifted from the subject vessel in the case of a medical emergency.

36. That Plaintiff pled with the ship's staff and attempted to discuss the matter with the ship's captain, however Plaintiff's requests to discuss the matter with the ship's captain and requests to be airlifted from the vessel were denied, imprisoning Mrs. HOOD on the subject vessel.

37. That Plaintiff was held against her will in the infirmary and not allowed to leave the subject vessel although same was necessary in order to receive the proper emergency medical treatment to avoid Plaintiff's continuing pain and suffering.

38. That Plaintiff's serious injury became exacerbated by lack of medical care, and Plaintiff was required to have not one, but two (2) emergency surgeries, and will likely need a third surgery for her ongoing severe pain and disability.

WHEREFORE, Plaintiff, CYNTHIA KAY HOOD, respectfully requests that this Court enter Judgment in favor of Plaintiff, CYNTHIA KAY HOOD, and against Defendant RCCL, and for any further relief that this Court deems just and proper.

## COUNT III: VICARIOUS LIABILITY VIA RCCL'S APPARENT AUTHORITY

Plaintiff, CYNTHIA KAY HOOD, realleges, incorporates by reference, and adopts paragraphs 1 through 32 as though they were originally alleged herein.

39. That at all times material hereto the doctors and medical staff which failed to properly treat Plaintiff, CYNTHIA KAY HOOD, were employed by Defendant as Defendant's medical staff.

40. That at all times material hereto the Medical Defendants were represented to the Plaintiff and the ship's passengers as employees, and/or agents, and/or servants of Defendant, RCCL, in that:

   a. They wore a ship's officer's uniform; and/ or

   b. They ate with ship's crew; and/ or

   c. They communicated directly with RCCL (to the captain, the Purser, and/or to unknown persons in RCCL's shore side office) while providing treatment to Plaintiff; and/or

   d. They were under the command of the ship's officers and followed all of the master's rules and regulations; and/or

   e. The Medical Defendants were themselves ship's officers; and/or

   f. There were RCCL insignia in various places inside the ship's medical facility where the medical staff worked; and/or

   g. The literature/ medical documents provided by RCCL representatives showed the doctors and nurses as crew members of RCCL and/or

   h. They worked aboard the ship and in the ship's hospital and further represented themselves as "the ship's medical crew" to the Plaintiff; and/or

        i.       They spoke to the Plaintiff as though they had authority to do so given to them by RCCL.

41. That at no time did the medical staff represent to the Plaintiff in particular or the ship's passengers in general, that they were not agents or employees of RCCL.

42. That at all times material hereto it was reasonable to assume the medical staff were the agents and employees of RCCL, and RCCL is therefore estopped from denying that the medical staff were its apparent agents or actual agents.

43. That defendant, RCCL is therefore vicariously liable for the negligent actions and the damages Plaintiff suffered due to RCCL's agents' actions or failures to take action.

WHEREFORE, Plaintiff, CYNTHIA KAY HOOD, respectfully requests that this Court enter Judgment in favor of Plaintiff, CYNTHIA KAY HOOD, and against Defendant RCCL, and for any further relief that this Court deems just and proper.

## COUNT IV: NEGLIGENT HIRING, RETENTION, AND TRAINING BY RCCL

Plaintiff, CYNTHIA KAY HOOD, realleges, incorporates by reference, and adopts paragraphs 1 through 32 as though they were originally alleged herein

44. That it is foreseeable to the Defendant, RCCL, that passengers like the Plaintiff would have trip and fall accidents, or other accidents on the cruise which would result in similar injuries.

45. That it is foreseeable that such injuries would occur and require proper examination and evaluation, including appropriate triage in the event that the injury would require shore side examination, diagnostic testing, evaluation, and treatment.

46. That at all times material, the Defendant, RCCL, owed a duty to use reasonable care in hiring and/or retention of all medical personnel, including the ship's doctor and nurse.

The Defendant had a duty to hire medical personnel who were adequately qualified, trained and experienced to work aboard ships and to conduct examinations and evaluations of bone fractures which would require treatment aboard ships or which might require further evaluations and/or treatments by shore side facilities and/or shore side physicians.

47. That even though the Plaintiff explained her bone had broken through the skin and stated that both she and her husband had seen it protrude from skin, the doctor and the nurse failed to do proper examinations, evaluations, or reports of Plaintiff and failed to advise the Plaintiff that she had a potentially serious injury which required tests and treatment that were unavailable on the ship, including surgery.

48. That because Defendant was negligent in treating Plaintiff's serious injury, Plaintiff was required to have not one, but two (2) emergency surgeries, will likely need a third surgery, and currently has a steel rod in her leg extending from her left knee to ankle bone.

49. That the Defendant, RCCL, breached its duty of care with regard to hiring and/or retention of the ship's doctor and nurse in one or more of the following manner:

    a. that the Defendant negligently failed to conduct an appropriate investigation into the backgrounds of the doctor and nurses to determine if they were qualified to practice emergency medicine and to handle examinations and evaluations of severe bone fractures;

    b. that the Defendant negligently failed to hire medical personnel, including the doctor and nurses, that had appropriate training and/or experience in emergency medicine, including evaluation of severe bone fractures;

    c. that the Defendant negligently failed to hire medical personnel which were qualified

    d.    that the Defendant negligently failed to provide appropriate training and procedures to the doctor and nurse for use of the ship's equipment for diagnostic testing;

    e.    that the Defendant negligently retained the doctor and nurses without providing appropriate training and procedures for triage and referral to shore side facilities or physicians.

WHEREFORE, Plaintiff, CYNTHIA KAY HOOD, respectfully requests that this Court enter Judgment in favor of Plaintiff, CYNTHIA KAY HOOD, and against Defendant RCCL, and for any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL AND JUDGMENT

Plaintiff, CYNTHIA KAY HOOD requests a trial by jury on all counts alleged herein, after which, she requests that the Court enter judgment in her favor and against the Defendant, ROYAL CARIBBEAN CRUISES LTD, d/b/a ROYAL CARIBBEAN INTERNATIONAL, a foreign corporation, for all damages and costs authorized by law, and any other such further relief that this Honorable Court finds just under the circumstances.

Dated this 11th day of July, 2016.

PERRY & NEBLETT, P.A.
2550 South Bayshore Drive Suite 11
Miami, Florida 33133
Telephone: (305) 856-8408
Facsimile: (305) 856-8409
david@perryneblett.com
tlevy@perryneblett.com

By: _____
DAVID AVELLAR NEBLETT, ESQ, B.C.S.
Florida Bar No.: 526371